IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-601-GMS |
| | ) | |
| SCREENTONE SYSTEMS CORPORATION, | ) | |
| ACACIA PATENT ACQUISITION | ) | |
| CORPORATION, ACACIA RESEARCH | ) | |
| CORPORATION, and PAUL S. SNYPP, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF HEIDELBERG'S RESPONSE TO
DEFENDANTS' MOTION TO STAY
OR TRANSFER PENDING RESOLUTION OF ISSUES
BY THE EASTERN DISTRICT OF TEXAS,
<u>OR, IN THE ALTERNATIVE, MOTION TO DISMISS</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff
Heidelberg USA, Inc.*

*Of Counsel:*

MORGAN & FINNEGAN, L.L.P
John F. Sweeney
Steven F. Meyer
Tony V. Pezzano
3 World Financial Center
New York, NY 10281-2101
(212) 415-8700

Dated: December 10, 2007

**TABLE OF CONTENTS**

**PAGE**

I. NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II. SUMMARY OF ARGUMENT ........................................................................................1

III. STATEMENT OF FACTS ................................................................................................2

IV. THE INSTANT ACTION IS THE FIRST-FILED ACTION............................................4

    A. SCREENTONE LACKED STANDING TO BRING THE TEXAS
       ACTION ................................................................................................................4

       1. Screentone Lacks Any Interest In The '809 Patent ...................................4

       2. The "Papers" Screentone Submitted To The Texas Court
          Do Not Cure Screentone's Lack of Standing..............................................6

          a. The Repossession Agreement Does Not Effectuate
              A Transfer Of The '809 Patent .........................................................6

          b. The "Assignment" From Mr. Snypp To APAC Is
              Not A True Patent Assignment.........................................................9

    B. DELAWARE IS THE APPROPRIATE FORUM FOR
       RESOLVING THIS DISPUTE............................................................................10

V. CONCLUSION................................................................................................................11

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

Arachnid, Inc. v. Merit Indus., Inc.,
    939 F.2d 1574 (Fed. Cir. 1991) .................................................................................. 6

Aspex Eyewear, Inc. v. Miracle Optics, Inc.,
    434 F.3d 1336 (Fed. Cir. 2006) ................................................................................ 10

C.R. Bard, Inc. v. Guidant Corp.,
    997 F. Supp. 556 (D. Del. 1998) .............................................................................. 11

Crown Die & Tool Co. v. Nye Tool & Mach. Works,
    261 U.S. 24 (1923) ..................................................................................................... 5

Enzo APA & Son, Inc. v. Geapag A.G.,
    134 F.3d 1090 (Fed. Cir. 1998) .................................................................................. 5

Gaia Techs., Inc. v. Reconversion Techs., Inc.,
    93 F.3d 774 (Fed. Cir. 1996) ...................................................................................... 2

IpVenture, Inc. v. Prostar Computer, Inc.,
    503 F.3d 1324 (Fed. Cir. 2007) .................................................................................. 6

Lewis v. Cont'l Bank Corp.,
    494 U.S. 472 (1990) ................................................................................................... 5

Morrow v. Microsoft Corp.,
    499 F.3d 1332 (Fed. Cir. 2007) .................................................................................. 9

Ortho Pharm. Corp. v. Genetics Instit., Inc.,
    52 F.3d 1026 (Fed. Cir. 1995) .................................................................................... 1

Paradise Creations, Inc. v. UV Sales, Inc.,
    315 F.3d 1304 (Fed. Cir. 2003) ............................................................................. 2, 6

PE Corp. v. Affymetrix, Inc.,
    No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001) ...... 2, 4, 11

## T<small>ABLE</small> O<small>F</small> A<small>UTHORITIES</small>

**P<small>AGE(S)</small>**

Rhodes-Hochriem Mfg. Co. v. Int'l Ticket Scale Corp.,
 57 F.2d 713 (D. Del. 1932) ................................................................................................. 6

Spencer v. Kemna,
 523 U.S. 1 (1998) ................................................................................................................ 5

Switzer v. Comm'r of Internal Revenue,
 226 F.2d 329 (6th. Cir. 1955) .......................................................................................... 7-8

Truth Hardware Corp. v. Ashland Prods., Inc.,
 C.A. No. 02-1541-GMS,
 2003 WL 118005 (D. Del. Jan. 13, 2003)......................................................................... 11

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................... 10

**Federal Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................................................. 1

**Other Authorities**

Wash. Rev. Code § 62A.9A.619.................................................................................................... 8

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Heidelberg USA, Inc. ("Heidelberg") filed the above-captioned declaratory judgment action on October 1, 2007, seeking a declaration of invalidity and non-infringement of U.S. Patent No. 5,166,809 ("the '809 patent"), and that the Defendants hold no interest or title in the '809 patent. This action has been assigned to Judge Gregory M. Sleet, but has been referred to Judge Leonard P. Stark for all pretrial proceedings. On November 21, 2007, in lieu of an answer, Defendants filed a Motion To Stay Or Transfer Pending Resolution Of Issues By The Eastern District Of Texas, Or, In The Alternative, Motion To Dismiss (the "Motion"). This is Heidelberg's Response to the Motion.

**II.    SUMMARY OF ARGUMENT**

Heidelberg does not oppose the requested stay of this proceeding until the Texas Court resolves the standing issue. Heidelberg does, however, oppose Defendants' motion to transfer the present suit to the Texas Court or, in the alternative, to dismiss it entirely.

On August 8, 2007, Screentone Systems Corporation ("Screentone"), one of the defendants herein, sued, inter alia, Heidelberg in the Eastern District of Texas for infringement of the '809 patent. On October 1, 2007, Heidelberg filed a declaratory judgment action regarding the '809 patent against the Defendants in this District of Delaware. Heidelberg responded to Screentone's infringement suit in the Texas Court with a motion to dismiss under Fed. R. Civ. P. 12(b)(1), alleging that Screentone lacks standing because it does not have any valid or legal title to the '809 patent.

As plaintiff in the Texas case, Screentone bears the burden of proving it had standing to bring infringement suits under the '809 patent. Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1032-33 (Fed. Cir. 1995). Screentone lacked standing to file the Texas Action in the first place because there is a flaw, or gap, in the chain of title that leaves Screentone with no

interest in the subject of that lawsuit, the '809 patent. The "papers" that Defendant's allude to in the brief supporting this Motion, which they have submitted as exhibits to their briefing in the Texas Action, have done nothing to clear Screentone's title to the '809 patent. Furthermore, the addition of Acacia Patent Acquisition Corporation ("APAC") and Paul Snypp as co-plaintiffs in the Texas case (See Defendants' Opening Brief at p. 7) will do nothing to confer standing on Screentone. The law is clear in the area of patent infringement that if the original plaintiff lacked initial standing, the suit must be dismissed. Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1309 (Fed. Cir. 2003); Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 779-80 (Fed. Cir. 1996). Thus, the Texas Action cannot be considered the first-filed action with regard to the '809 patent, the subject matter of both the Texas Action and the instant action. See PE Corp. v. Affymetrix, Inc., No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792, at *11 (D. Del. Sept. 27, 2001).

In short, Heidelberg does not oppose the stay of the present Delaware Action until the Texas Court resolves the standing issue. Because the present Delaware Action will become the "first-filed" action if the Texas Court resolves the standing issue adverse to Screentone, the present Delaware Action should be neither dismissed nor transferred to the Texas Court.

### III.    STATEMENT OF FACTS

Public records show a broken or incomplete chain of title from the inventor of the '809 patent to Screentone. The '809 patent issued on November 24, 1992, with Craig L. Surbrook ("Inventor Surbrook") as the inventor and SeeColor Corporation ("SeeColor") named as the assignee of record. The United States Patent and Trademark Office's ("U.S.P.T.O.") assignment records indicate that Inventor Surbrook assigned the '809 patent to SeeColor on September 6, 1990. (Declaration of Steven F. Meyer ("Meyer Decl."), Exh. 1). On August 3, 2005, without explaining whether or how he obtained the patent, Mr. Snypp allegedly granted all

rights and title in and to the '809 patent to APAC by virtue of an assignment, which was recorded in the U.S.P.T.O.'s assignment records on October 25, 2005. (Meyer Decl., Exhs. 1 and 2). Subsequently, on June 18, 2007, APAC allegedly assigned all of its rights and interests in and to the '809 patent to Screentone by virtue of an assignment, which was recorded in the U.S.P.T.O.'s assignment records on July 16, 2007. (Meyer Decl., Exhs. 1 and 3).

Mr. Snypp was both an officer and creditor of SeeColor (Meyer Decl., Exhs. 4 and 5). SeeColor, incorporated under the laws of the State of Washington, became inactive as of June 30, 2004. (Meyer Decl., Exh. 6). However, the U.S.P.T.O.'s assignment records contain no record of any assignment of the '809 patent from SeeColor to Mr. Snypp. (Meyer Decl., Exh. 1). Nor is there any record of SeeColor assigning the '809 patent to either APAC or Screentone. (Meyer Decl., Exh. 1). In the Texas Action, Screentone has introduced a Repossession And Disposition Agreement ("the Repossession Agreement") entered into between SeeColor and Mr. Snypp on October 21, 2003, as evidence of the assignment of the '809 patent to Mr. Snypp. (Meyer Decl., Exh. 7). However, as will be detailed below, this Repossession Agreement did not effect a present transfer of rights; it merely imposed an obligation on SeeColor to do so in the future, seemingly in a subsequent written assignment.

As evidence of complete transfer of rights between Mr. Snypp and APAC, Screentone has introduced an agreement between these parties in the Texas Action ("the APAC Agreement"). (Meyer Decl., Exh. 8). Similar to the Repossession Agreement, the APAC Agreement states that Mr. Snypp "shall" assign the entire right, title and interest, including the right to sue for past damages. Again, this language contemplates a future written assignment that actually conveys the right to sue for past damages, a document Screentone has failed to produce in either action.

## IV. THE INSTANT ACTION IS THE FIRST-FILED ACTION

Contrary to what Defendants would have this Court believe, the present circumstances do present an "exception" to the first-to-file rule. Cf. Defendants' Opening Brief at p. 7. Under this "exception," where the plaintiff in the earlier suit lacks standing, the later-filed suit becomes the first-filed action. PE Corp., U.S. Dist. LEXIS 15792, at *11.

In PE Corp., PE and Competitive Technologies filed a patent infringement suit in the District of Delaware against Affymetrix, in July 2000. On January 25, 2001, Affymetrix filed a declaratory judgment action in the Southern District of New York. Id. at **3-4. The Delaware Court found that both PE and Competitive Technologies lacked standing to assert the patents. Id. at **9-11. The Delaware Court concluded that "[t]herefore, the New York action is the first-filed action . . ." Id. at *11.

### A. SCREENTONE LACKED STANDING TO BRING THE TEXAS ACTION

#### 1. Screentone Lacks Any Interest In The '809 Patent

When Screentone filed the Texas Action, Screentone lacked, and continues to lack, any ownership interest in the '809 patent. Defendants would contend that the title of the '809 patent has passed from SeeColor, the original assignee, to Paul S. Snypp ("Mr. Snypp"), from Mr. Snypp to APAC, and finally from APAC to Screentone. However, most important to the present standing dispute, there is a clear gap in the alleged chain of title from SeeColor to Mr. Snypp. The U.S.P.T.O.'s assignment records have no record of any assignment of the '809 patent from the original assignee of record, SeeColor, to Mr. Snypp, APAC, or Screentone. (Meyer Decl., Exh. 1). Because there are no records of SeeColor assigning away any of its rights and interests in the '809 patent to any individual or entity, this Court must conclude that SeeColor still retains all rights and interests in and to the '809 patent. Accordingly, Screentone

has no valid title or legal interest in the '809 patent, nor the right to sue and recover for any and all infringements thereof.

The general rule in federal cases is that a plaintiff must have initial standing and "continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-478 (1990)). Based on the public record, Mr. Snypp was without right, authorization, title, license or permission from SeeColor to assign the '809 patent to APAC in August 2005. (Meyer Decl., Exh. 2). Moreover, APAC was without right, authorization, title, license or permission from SeeColor to assign the '809 patent to Screentone when it attempted to do so in June 2007. (Meyer Decl., Exh. 3). Thus, Mr. Snypp's assignment to APAC, and APAC's later assignment to Screentone, are both void and unenforceable since neither Mr. Snypp nor APAC had any right, title, license or permission from SeeColor to assign the '809 patent. For that reason, Screentone does not hold any valid title or legal interest in and to the '809 patent, and as a result, had no standing or right to sue for infringement of the '809 patent in the Texas Court. See Crown Die & Tool Co. v. Nye Tool & Mach. Works, 261 U.S. 24, 40 (1923) ("The plaintiff in an action at law must be the person or persons in whom the legal title to the patent resided in at the time of infringement") (internal citation omitted); Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093 (Fed. Cir. 1998) (finding "a suit for infringement must ordinarily be brought by a party holding legal title to the patent").

Screentone has recently sought leave from the Texas Court to amend its complaint to add APAC and Mr. Snypp as co-plaintiffs because APAC and Snypp each failed to convey the right to seek past damages to their successor. (Meyer Decl., Exhs. 2 and 3). However, any attempt to correct those defects does not address the root issue – that Paul Snypp did not receive an

assignment in the first place and thus could not, in turn, assign the patent to APAC. Nevertheless, in the area of patent infringement, the Federal Circuit has held that if the original plaintiff lacked initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing. Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d at 1309.

### 2. The "Papers" Screentone Submitted To The Texas Court Do Not Cure Screentone's Lack of Standing

In their Motion, Defendants allude to the fact that they have documented and detailed Screentone's ownership of the '809 patent in "papers" presently before the Texas court and, thus, established Screentone's standing to bring the Texas Action. Curiously, the Defendants did not attach these "papers" as exhibits to the current motion, but Plaintiff Heidelberg has done so in this Response in order to address them. (See, Meyer Decl., Exhs. 7 and 8).

#### a. The Repossession Agreement Does Not Effectuate A Transfer Of The '809 Patent

Screentone has argued in the Texas Action that Mr. Snypp acquired the '809 patent from SeeColor by virtue of the Repossession Agreement with SeeColor. (Meyer Decl., Exh. 9, pp. 3-4). However, the Repossession Agreement merely states that SeeColor "shall" assign its patents to Mr. Snypp, using the future tense. Meyer Decl., Exh. 7. An agreement to assign does not convey an interest in a patent; transfer of the interest must be implemented by written assignment. IpVenture, Inc. v. Prostar Computer, Inc., 503 F.3d 1324, 1327 (Fed. Cir. 2007); Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1580 (Fed. Cir. 1991) (agreement using phrase "will be assigned" is an agreement to assign, not a present assignment); Rhodes-Hochriem Mfg. Co. v. Int'l Ticket Scale Corp., 57 F.2d 713, 714 (D. Del. 1932) ("An instrument which does not purport to convey a present interest in a patent is not an assignment within the statute").

More specifically, the Repossession Agreement in paragraph 2 states:

>>Debtors [SeeColor] <u>shall</u> release and assign to Creditor [Mr. Snypp] all of Debtor's rights, title and interest in and to the secured collateral by:
>
>>\* \* \*
>
>>c. Assignment of all patents and patent rights owned by Debtor. Said patents and patents pending are <u>identified on Exhibit 3 hereto</u>.
>
>>All transfers/assignments <u>shall</u> be endorsed by Debtor upon execution of this agreement.

(Meyer Decl., Exh. 7) (emphasis added). This language does not effect an actual, present transfer of rights, but instead merely creates an obligation on the part of SeeColor to do so. In particular, the language does not state that SeeColor "hereby assigns" its patents. Instead, it uses the future tense to state that SeeColor "shall" assign its patents. The language even indicates how this shall be done – by . . . Assignment – and specifically contemplates that the required Assignments "shall" be endorsed by SeeColor upon execution of the Repossession Agreement. Screentone has produced no written assignment from SeeColor to Mr. Snypp that was executed or "endorsed" by SeeColor.

    Moreover, although Screentone points to this Repossession Agreement to demonstrate Mr. Snypp's acquisition of the '809 patent, the agreement never identifies the '809 patent by name or indicates in any way that this particular patent is part of the property that shall be assigned! Instead, paragraph 2, part c states that the patents owned by SeeColor are "identified on Exhibit 3 hereto." Conspicuously, Exhibit 3 has never been provided to the court in the Texas Action. Therefore, Screentone has failed to provide any evidence that the '809 patent was the property contemplated by this agreement and that it had not been previously assigned by SeeColor to another person or entity. While there is no particular form required for the transfer of a patent, the case law is clear that the "instrument of transfer must be unambiguous and show a clear and unmistakable intent to part with <u>the patent</u>." <u>Switzer v. Comm'r of Internal Revenue</u>,

- 7 -

226 F.2d 329, 330 (6th. Cir. 1955) (emphasis added).  Certainly, this agreement does not indicate SeeColor's unambiguous, clear, and unmistakable intent to part with the '809 patent.

Screentone has argued in the Texas Action that paragraph 2 of the Repossession Agreement must be considered in conjunction with paragraphs 4 and 7 to effect an assignment of the '809 patent.  (Meyer Decl., Exh. 10, pp. 5-6).  However, paragraph 2 is entitled "Transfer/Assignment Of Interest" and provides no indication this paragraph must be considered in conjunction with any other sections of the agreement to effect an assignment.  (Meyer Decl., Exh. 7).  Further, paragraph 4 does nothing to cure the deficiencies of paragraph 2.  Paragraph 4 does not clarify the patents owned by SeeColor or indicate SeeColor's clear intent to presently transfer the rights to the '809 patent.  Instead, paragraph 4 is simply an acknowledgement by the creditor that the collateral is sufficient to discharge the debt.  (Meyer Decl., Exh. 7).

Paragraph 7 is entitled "Transfer Of Legal Title" and purports to make a transfer statement in accordance with RCW Wash. Rev. Code § 62A.9A.619.  (Meyer Decl., Exh. 7).  However, such a transfer statement does not, in and of itself, effect a transfer of rights.  Instead, to obtain amendment of official records regarding title to collateral, a transferee must present the transfer statement, together with the applicable fee and a request form, to a relevant official or office responsible for maintaining records of ownership.  Wash. Rev. Code Ann. § 62A.9A-619 (West 2003) (Meyer Decl., Exh. 11).

Finally, paragraph 8 simply entitles Mr. Snypp to possession of the collateral.  (Meyer Decl., Exh. 7).  Paragraph 8 does not in any way indicate a present transfer of the ownership rights to the intangible collateral, such as patent rights, nor does this paragraph disclose or specify the patents owned by SeeColor and contemplated by the Repossession Agreement.

Screentone may argue that Mr. Snypp had an equitable interest in the '809 patent, based on the purported obligation imposed on SeeColor by the Repossession Agreement to assign that patent to Mr. Snypp. Even if Mr. Snypp did have an equitable interest in the '809 patent, which was conveyed to APAC and then to Screentone, equitable title to a patent is insufficient to confer standing to sue for infringement. Morrow v. Microsoft Corp., 499 F.3d 1332, 1339, 1343 (Fed. Cir. 2007).

Accordingly, Screentone has failed to show that SeeColor conveyed valid title to any patent, much less the '809 patent, to Mr. Snypp, and therefore Screentone has failed to meet its burden of proving that it has standing to have brought the Texas action.

        **b.**        **The "Assignment" From Mr. Snypp To APAC Is Not A True Patent Assignment**

In addition to the clear deficiencies of the Repossession Agreement, it is also unclear whether the "Assignment" from Mr. Snypp to APAC is actually an assignment at all. Thus, there are further doubts about title such that even if the Repossession Agreement were to have assigned ownership to the '809 patent, it is not clear that Mr. Snypp in turn assigned the patent to APAC. Instead, it appears that Mr. Snypp retained significant rights in the '809 patent, including the right to grant licenses in addition to the right to sue for past infringement. Specifically, although he executed the purported Assignment to APAC on August 3, 2005 (Meyer Decl., Exh. 2 and Exh. 8 at Exhibit B), Mr. Snypp executed a Non-Exclusive License Agreement with NewsColor LLC ("NewsColor") weeks later on August 22, 2005. (Meyer Decl., Exh. 8 at Exhibit C). Moreover, it is telling that Mr. Snypp purported to be the owner of the '809 patent as of August 22, 2005 (Meyer Decl., Exh. 8 at Exhibit C), despite executing an earlier "Assignment" to APAC on August 3, 2005. (Meyer Decl., Exhs. 2 and 8 at Exhibit B). It is also interesting that the "Governing People" of NewsColor are Karen C. Barr, *Paul Snypp*, and

Ronald D. LaForge (who also was one of the SeeColor "Board members" who approved the resolution to agree to Mr. Snypp's foreclosure claims). (Meyer Decl., Exhs. 12 and 13). Mr. Snypp's representation that he was owner of the '809 patent, and his grant of a license to NewsColor *after* he executed the purported Assignment to APAC (and his representation in the license agreement that he was still owner of the '809 patent) strongly suggests that he retained substantial rights in the '809 patent. An agreement in which the transferor retains substantial patent rights is not an assignment. Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1341-42 (Fed. Cir. 2006).

Since Screentone produced only a redacted copy of the APAC Agreement in Texas, it is unclear exactly what rights were retained by Mr. Snypp. (Meyer Decl., Exh. 8). Based on the facts of record, however, Mr. Snypp retained substantial rights in the '809 patent, and Screentone has failed to prove that APAC (and hence Screentone) was a true assignee.

### B. DELAWARE IS THE APPROPRIATE FORUM FOR RESOLVING THIS DISPUTE

Although Defendants' motion requests a transfer to the Eastern District of Texas, their brief is conspicuously void of any analysis under 28 U.S.C. § 1404(a). This section provides that a district court may transfer any civil action "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). It is unlikely this was an accidental oversight on the part of the Defendants as an inquiry under this section clearly favors the action proceeding in Delaware. None of the parties to the instant action has any significant connection to the state of Texas. While Heidelberg admittedly conducts business in the State of Texas, on that basis any of the eighty-nine district courts in the fifty states could have been chosen. Screentone simply selected the Eastern District of Texas from a catalog of forums, having no tangible basis for its selection. For this reason alone, it is unclear whether Screentone's choice of forum deserves any

deference at all.  See C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998) (finding that deference to plaintiff's choice of forum will be afforded as long as plaintiff has legitimate reasons for selecting the forum).

In contrast, it is Screentone's burden to establish the need to transfer this action and the "plaintiff's choice of forum [will] not be lightly disturbed."  Truth Hardware Corp. v. Ashland Prods., Inc., C.A. No. 02-1541-GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003). Heidelberg selected the District of Delaware for the instant action based on the three corporate Defendants in this action, namely, Screentone, APAC, and Acacia Research, having been organized and currently existing under the laws of Delaware.  (Meyer Decl., Exhs. 14-16). These Defendants have thereby affirmatively and voluntarily assented to personal jurisdiction in this state.  Moreover, the interests of justice favor Delaware as the forum where all necessary parties are properly joined.  Thus, the convenience of the parties and the interests of justice clearly favor the instant action proceeding in Delaware.

## V.    CONCLUSION

For the reasons detailed above, Screentone has failed to prove that it had any rights to the '809 patent and, therefore, lacked standing to file and maintain the Texas Action.  Thus, this Court must find that it is the first court to obtain possession of the subject of the dispute, the '809 patent, and, consequently, that it is the Court possessing "first-filed" status.  See PE Corp., 2001 U.S. Dist. LEXIS 15792, at *11.  Consequently, Defendants' motion to transfer or dismiss the present action should be denied.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Heidelberg USA, Inc.*

*Of Counsel:*

MORGAN & FINNEGAN, L.L.P
John F. Sweeney
Steven F. Meyer
Tony V. Pezzano
3 World Financial Center
New York, NY 10281-2101
(212) 415-8700

Dated:  December 10, 2007
186527.1

- 12 -