IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 07-601-GMS-LPS |
| | : | |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 07-602-GMS-LPS |
| | : | |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

At Wilmington this **10th** day of **December, 2007**,

IT IS ORDERED that a Rule 16 scheduling teleconference has been scheduled for **January 8, 2008 at 4:00 p.m.** with Magistrate Judge Leonard P. Stark. **Defendants' counsel shall initiate the teleconference call to 302-573-4573.** In preparation for this conference,

counsel are directed to confer with respect to all agenda items listed below. **On or before one week (7 days) prior to the Scheduling Conference, counsel shall file a Joint Status Report addressing each agenda item.** Matters which the court will take up at the conference will include the following:

1. **Jurisdiction and Service.** Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?

2. **Substance of the Action.** What are the factual and legal bases for plaintiff's claims and defendants' defenses?

3. **Identification of Issues.** What factual and legal issues are genuinely in dispute?

4. **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

5. **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

6. **Amendment of Pleadings?**

7. **Joinder of Parties?**

8. **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

10. **Jury trial?**

11. **Settlement.** Have there been settlement discussions? What are the prospects for

settlement? Is referral to a Magistrate for mediation or other ADR mechanism appropriate?

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

13. A statement that counsel for the parties have conferred about each of the above matters.

No continuance of the conference will be granted except by order of the court upon application of counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

Attached to this Order is a draft copy of the Scheduling Order. Counsel shall confer regarding proposed dates in the scheduling order and shall submit their proposal no later than **one week (7 days) prior to the Scheduling Conference**.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

[CAPTION]

## SCHEDULING ORDER [PATENT]

This _____ day of _____ 200__, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before _____.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before _____.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than .
If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than _____.

4. **Markman Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on at _____ ___.m. The *Markman* hearing is scheduled for a total of ____ hours

with each side having \_\_\_\_ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before _____, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on Chief Judge Sleet's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on _____, and answering claim construction briefs on _____.

    5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before _____. Expert Discovery in this case shall be initiated so that it will be completed on or before _____.

        a.    **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint**, **nonargumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on Chief Judge Sleet's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless

otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      6.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      7.    **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to a United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

      8.    **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than _____.

Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than _____. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before _____. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on _____ at ___ ___.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

    9.    **Case Dispositive Motions**. All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before _____. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

    10.    **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    11.    **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

    12.    **Daubert Issues**. The Court will address Daubert issues at the Pretrial Conference.

    13.    **Pretrial Conference**. On _____, beginning at _____ ___.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by

the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on Chief Judge Sleet's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*:** No party shall file more than five(5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on Chief Judge Sleet's website at www.ded.uscourts.gov on or before _____.

    14.    **Trial**. The parties request a \_\_\_\_\_ [bench or jury] trial of \_\_\_\_ days, to begin no sooner than _____. The Court will determine the specific date of the trial upon further consultation with the parties.

    15.    **Scheduling**: The parties shall contact chambers, at (302) 573-4571, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

 

                                                     _____
                                                     UNITED STATES MAGISTRATE JUDGE