IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 07-601-GMS-LPS |
| SCREENTONE SYSTEMS CORPORATION, | ) | |
| ACACIA PATENT ACQUISITION | ) | |
| CORPORATION, ACACIA RESEARCH | ) | |
| CORPORATION, and PAUL S. SNYPP, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's December 10, 2007 Notice of Scheduling Conference, Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), counsel for parties have conferred on December 18, 2007, about matters set forth in the Court's Notice. Plaintiff Heidelberg USA, Inc. ("Heidelberg"), Defendant Screentone Systems Corp. ("Screentone"), Defendant Acacia Patent Acquisition Corp. ("APAC"), Defendant Acacia Research Corp. ("Acacia Research"), and Defendant Paul S. Snypp ("Mr. Snypp") respectfully submit this Joint Status Report regarding agenda items to be addressed at the Status and Scheduling Conference on January 8, 2008.

**1.      Jurisdiction and Service**

The above-captioned action seeks a declaration of invalidity and non-infringement of a patent, arising under the patent laws of the United States. The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and personal jurisdiction over the parties to this action. In lieu of an answer to the Complaint, the Defendants

filed a motion requesting a stay or transfer of both proceedings[1], or, in the alternative, a dismissal ("Motion to Stay"). Plaintiff Heidelberg has opposed the transfer or dismissal of the proceedings but does not oppose a stay. The Motion to Stay is still pending before the Court.

**2.    Substance of the Action.**

    **A.    Plaintiff's Position**

Plaintiff Heidelberg seeks a declaratory judgment that U.S. Patent No. 5,166,809 ("the `809 patent") is wholly invalid for failure to meet at least one of the statutory requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

Plaintiff Heidelberg also seeks a declaratory judgment that it does not infringe any claim of the '809 patent and that it has not contributed to or induced the infringement of the `809 patent.

Finally, Plaintiff Heidelberg seeks a declaratory judgment that the Defendants, collectively or individually, hold no interest or title in the `809 patent.

Plaintiff Heidelberg did not join in the Motion filed with the Judicial Panel on Multidistrict Litigation on December 20, 2007 to transfer this Action under 28 U.S.C. § 1407 (*see* section 2.B., below). Plaintiff Heidelberg believes that this Court is the appropriate jurisdiction to try this Action for the reasons stated in its Response to the Motion to Stay.

    **B.    Defendants' Position**

The declaratory judgment actions brought before this Court by Heidelberg (the "Heidelberg Action") and Konica Minolta Business Solutions U.S.A., Inc. (the "KM Business

---

[1] In addition to the above-captioned action, there also is a second proceeding pending in this Court captioned *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corporation, et al.*, C.A. No. 07-602-GMS-LPS.

Action") are duplicative of the lawsuit filed by Screentone two months earlier in the United States District Court for the Eastern District of Texas (the "Texas Action"). Screentone alleges in the Texas Action that Heidelberg, Konica Minolta, and others (the "Texas Defendants") infringe upon certain claims of the `809 patent. Their acts of infringement generally involve the manufacture, use, and sale of printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

Screentone owns all right, title and interest in and to the `809 patent. As such, it is the only necessary plaintiff to the Texas Action. Heidelberg and KM Business have included in their Delaware declaratory judgment actions additional parties that they assert are "indispensable." Having named three defendants in addition to Screentone, they now lay claim to priority under the first-to-file rule.

But the first-to-file rule turns on which court first obtains possession of the subject of the dispute, looking only to the sequence of filing events as the relevant metric for determining which court obtained jurisdiction first. The rule applies even if the actions are not identical. And complete identity of parties is not required to substantiate the transfer or dismissal of a second-filed, substantially related action. Under the first-to-file rule, this case should be stayed or transferred, or, in the alternative, dismissed. Staying, transferring, or dismissing this case will further the principles of comity and sound judicial administration on which the first-to-file rule is based, by conserving judicial resources and by avoiding duplicative litigation and inconsistent results.

The Texas Defendants (except Heidelberg) have further sought to avoid the effects of the first-to-file rule by creating the *appearance* of "multi-district litigation" through the various declaratory judgment actions concerning the `809 patent (four in all). On December 20,

2007, the Texas Defendants (including Konica Minolta, but excepting Heidelberg) filed a Motion to Transfer with the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407, in an action styled In re `809 Patent Litigation. The Motion seeks to consolidate (in either the Western District of Washington or the Central District of California) the two related Delaware actions, the Texas Action, a related Washington action, and yet another action filed recently by Konica Minolta's supplier in the Central District of California. In other words, the Texas Defendants essentially conspired to file multiple declaratory judgment actions across the country, concocting a premise upon which to seek a second chance at transfer from the Eastern District of Texas under the multidistrict litigation statute.

**3.     Identification of the Issues**

The likely factual and legal issues framed by the pleadings that are believed to be genuinely in dispute, without any party conceding the existence of a genuine issue of fact barring summary judgment on any issue, are as follows:

   a.   Whether the Defendants possess any title or interest in the `809 patent, either collectively or individually;

   b.   Whether the `809 patent is valid and enforceable;

   c.   The scope of the claims of the `809 patent; and

   d.   Whether Plaintiff Heidelberg infringes any claims of the `809 patent by making, using, selling, offering for sale and/or importing any product.

**4.     Narrowing of Issues**

Since discovery has not yet been conducted, the parties do not have a firm understanding at this date of the issues that may be narrowed by motion or agreement.

**5.     Relief**

Plaintiff Heidelberg seeks a declaration from the Court that: (1) Defendants possess no valid title to or interest in the `809 patent; (2) all claims of the `809 patent are invalid; and (3) Plaintiff Heidelberg is not and has not infringed the `809 patent. Defendants seek the stay, transfer, or dismissal of this case as set forth in their pending Motion to Stay.

**6.     Amendment of Pleadings.**

Subject to Defendants' pending Motion to Stay, the parties propose that the deadline for any amendment of pleadings be set for May 5, 2008. The parties reserve their right to seek leave of Court by motion to amend their pleadings for good cause shown. For example, because a claim of inequitable conduct may not be discovered until later in discovery, plaintiff reserves the right to seek leave of court to add a claim of inequitable conduct if appropriate and timely. A detailed case schedule proposed by the parties is set forth in section 12(b) below.

**7.     Joinder of Parties**

Subject to Defendants' pending Motion to Stay, the parties propose that the deadline for any joinder of parties should be set for March 31, 2008. A detailed case schedule proposed by the parties is set forth in section 12(b) below.

**8.     Discovery**

Subject to Defendants' pending Motion to Stay, the parties propose that the Court set fact discovery to close on August 31, 2008. The parties propose that the expert discovery period be conducted after the Court conducts a claim construction hearing and issues a ruling. As such, the parties propose that the Court set expert discovery to close on or about the end of February, 2009. A detailed case schedule proposed by the parties is set forth in section 12(b) below.

A. **Discovery Contemplated by Plaintiff Heidelberg**

Plaintiff Heidelberg presently anticipates that it will require discovery on all claims, defenses and counterclaims. However, Defendants have not answered or asserted any counterclaims. As such, the areas in which Plaintiff Heidelberg will seek discovery is subject to change. Currently, Plaintiff Heidelberg anticipates requiring discovery with respect to at least the following:

   a. The invalidity and enforceability of the patents in suit, and the scope and content of the prior art;

   b. Discovery concerning the prior art activities of third-parties;

   c. Ownership and chain-of-title of the patents in suit;

   d. The prosecution of the patents in suit, and any related or foreign counterparts to the patents in suit;

   e. Defendants' attempts to commercialize and/or commercialization of the subject matter disclosed or claimed in the patents in suit;

   f. The level of ordinary skill in the relevant art; and

   g. The contentions of Defendants' experts.

B. **Discovery Contemplated by Defendants**

Subject to their pending Motion to Stay, Defendants anticipate that discovery will be needed on the issues of: (i) Heidelberg's infringements, including features of Heidelberg's printer and other imaging products that operate to reproduce images by the claimed digital halftoning techniques; and (ii) damages, including relevant Heidelberg sales data. Discovery will also be needed as to the bases for Heidelberg's claims and defenses, including allegations of

6

invalidity, unenforceability and non-infringement. The foregoing listing is not meant to be exhaustive, and Defendants reserve the right to discover additional subjects as the case progresses.

### C. Discovery Limitations

Subject to Defendants' pending Motion to Stay, the parties propose the following limitations on discovery:

a.  Limit of 40 interrogatories per opposing side;

b.  Limit of 60 requests for admissions per opposing side, with an unlimited number of requests for the purposes of document authentication;

c.  Limit of seven (7) depositions (including Rule 30(b)(6) depositions) per opposing side;

d.  Limit of an additional three (3) third-party depositions; and

e.  Limit of seven (7) hours of expert deposition time per expert report submitted.

Further, the parties propose that all written discovery, including for example interrogatories and requests for admission, be served sufficiently in advance so that the 30-day response time occurs before the close of Fact Discovery.

### 9. Estimated Trial Length.

Plaintiff anticipates that the trial of this action alone will require 5 court days. Plaintiff Heidelberg believes that the trial of this action should not be joined with that for *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corp.*, et al, Civ. No. 07-602-GMS-LPS because the products at issue are different. It has been alleged that Electronics For Imaging, Inc. ("EFI") is a supplier of accused halftoning software and hardware to Konica

7

Minolta. Plaintiff Heidelberg implements a separate and independently developed solution from EFI.

Defendants filed the Texas Action against seven parties, including Heidelberg and Konica Minolta, and anticipate a single trial in the Texas Court. If this action should proceed to the point of trial, Defendants believe the more efficient use of the Court's time and resources is to combine the Heidelberg and Konica Minolta actions and that such trial will require no more than 8 trial days. Alternatively, Defendants request that the Court schedule the trials back-to-back, so that they may be easily consolidated if the Court later determines that consolidation is appropriate or preferable.

**10.   Jury Trial**

The Defendants demand a jury trial.

**11.   Settlement**

The parties have been engaged in preliminary settlement discussions, and those discussions are ongoing. The parties are amenable to the matter being referred to the Magistrate for mediation.

**12.   Other Matters**

**A.   Protective Order**

The parties agree that entry of a protective order in this action is warranted with respect to the handling and use of Confidential and Highly Confidential Information. The parties anticipate reaching agreement as to the form of such a protective order, and intend to submit said form to the Court for approval and entry.

**B.   Case Schedule.**

Defendants would urge the Court to refrain from entering a scheduling order until it has resolved and ruled upon Defendants' pending Motion to Stay. However, in an effort to

cooperate with opposing counsel and comply with the Court's December 10, 2007 Order, Defendants have conferred with Heidelberg regarding the dates below.

Thus, the parties propose the following case schedule:

| EVENT | DEADLINE |
| --- | --- |
| Rule 26(a) Initial Disclosures | March 10, 2008 |
| Deadline for Joinder of Parties | March 31, 2008 |
| Deadline for Motions to Amend | May 5, 2008 |
| Deadline for Parties to Exchange Disputed Claim Terms | May 9, 2008 |
| Parties Meet and Confer to Discuss Disputed Claim Terms | May 16, 2008 |
| Joint Claim Chart setting forth each party's proposed claim constructions | June 2, 2008 |
| Deadline to inform counter-plaintiff that counter-defendant intends to rely upon advice of counsel as a defense to willful infringement (if applicable) | June 5, 2008 |
| Deadline to produce any opinion upon which counter- defendant intends to rely as a defense to willful infringement (if applicable) | June 5, 2008 |
| Opening Claim Construction Briefs | July 1, 2008 |
| Reply Claim Construction Briefs | July 31, 2008 |
| Claim Construction (Markman) Hearing | August --, 2008 |
| Close of Fact Discovery | August 31, 2008 |
| Primary expert designations and reports on issues for which the party has the burden of proof | December 1, 2008 |
| Rebuttal expert designations and reports | January 5, 2009 |
| Close of Expert Discovery | End of February, 2009 |
| Deadline for Filing Opening Letter Briefs on Dispositive Issues | April 23, 2009 |
| Answering Letter Briefs on Dispositive Issues | May 4, 2009 |
| Reply Letter Briefs on Dispositive Issues | May 11, 2009 |
| Status Conference Regarding Letter Briefs | May --, 2009 |
| Opening Dispositive Motion Briefs (if Court permits) | June 22, 2009 |
| Answering dispositive motion briefs | July 13, 2009 |
| Reply dispositive motion briefs | July 24, 2009 |
| Hearing on dispositive motions | TBD |
| Motions *in limine* (all briefing to be completed by this date) | September 21, 2009 |
| Joint Proposed Final Pretrial Order | September 28, 2009 |
| Final Pretrial Conference | November --, 2009 |
| Trial | November --, 2009 |

**13.     Conferral of Parties**

Through their respective counsel, the parties certify that they have conferred about each of the above matters.

| ASHBY & GEDDES | OBERLY, JENNINGS & RHODUNDA, P.A. |
|---|---|
| */s/ Steven J. Balick* | */s/ Kathleen M. Jennings* |
| Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #39500)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>(302) 654 2067 (Fax)<br><br>- and -<br><br>Morgan & Finnegan, L.L.P.<br>John F. Sweeney<br>Steven F. Meyer<br>3 World Financial Center<br>New York, NY 10281-2101<br>(212) 415-8700<br>(201) 415-8701 (Fax)<br><br>Attorneys for Plaintiff<br>Heidelberg USA, Inc.<br><br>186942.1 | Kathleen M. Jennings (No. 913)<br>Karen V. Sullivan (No. 3872)<br>1220 Market Street, Suite 710<br>P.O. Box 2054<br>Wilmington, DE 19899<br>(302) 576-2000 – Telephone<br>(302) 576-2004 – Facsimile<br>kjennings@ojlaw.com<br>ksullivan@ojlaw.com<br><br>- and -<br><br>Edward R. Nelson III<br>Texas State Bar No. 00797142 David Skeels<br>Texas State Bar No. 24041925<br>FRIEDMAN, SUDER & COOKE<br>604 East 4th Street, Suite 200<br>Fort Worth, TX 76102<br>(817) 334-0400 – Telephone<br>(817) 334-0401 – Facsimile<br><br>Attorneys for Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation and Paul S. Snypp |